[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On January 8, 1992, Christopher and Cynthia Lane, plaintiffs, filed a four count complaint against Gary Post, defendant, seeking to recover damages for injuries resulting from an automobile accident.
The complaint alleges the following relevant facts. On March 9, 1990, Christopher Lane ("Lane") was operating a motor vehicle in a southerly direction on Interstate 95 outside of Groton, Connecticut. Lane alleges that, while driving, he had to slow down to accommodate the flow of traffic. Lane claims that the defendant, who was driving behind him, failed to decelerate his vehicle, thereby colliding into Lane's vehicle with such force as to cause Lane serious bodily injury. Cynthia Lane, in the fourth count of the complaint, is seeking, through a claim of loss of consortium, double or treble damages pursuant to General Statutes 14-295.
In moving to strike the fourth count of the plaintiffs' complaint, defendant argues that a loss of consortium claim is not a personal injury, but, rather, a loss of spousal relationship and not subject to double or treble damages under General Statutes 14-295. Plaintiffs' in opposing defendant's motion, assert that loss of consortium is a personal injury and recoverable under14-295.
General Statutes 14-295 states:
In any civil action to recover CT Page 7694 damages resulting from personal injury, I wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of 14-218a, 14-219, 14-222, 14-227a, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
Connecticut has recognized a cause of action for loss of consortium. Gurliacci v. Mayer, 218 Conn. 531,590 A.2d 914 (1991); Izzo v. Colonial Penn. Insurance Company,203 Conn. 305, 524 A.2d 641 (1987); Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260 (1979).
Loss of consortium does not arise out of injury to the spouse suffering the loss of consortium. Rather, it arises out of the injury to the spouse who can no longer perform the spousal functions. Izzo v. Colonial Penn. Insurance Company, supra, 312. Therefore, loss of consortium is a separate cause of action derivative of the injured spouse's cause of action. Id.
Where a statute creates a cause of action that does not exist at common law, that new statutory cause of action must be strictly construed. Ecker v. West Hartford,205 Conn. 219, 226, 530 A.2d 1056 (1987). In an analogous case a loss of consortium claim was not allowed since it was not provided for under the defective highway statute. Sanzone v. Board of Police Commissioners of the City of Bridgeport,219 Conn. 179, 198-199, 592 A.2d 912 (1991). General Statutes14-295 creates an action to recover double or treble damages for injuries caused by a defendant who has committed various' traffic violations. As such, 14-295 must be strictly construed. Furthermore, loss of consortium is a derivative claim stemming from a spouse's injury and is not a personal injury. While the legislature provided for a derivative claim for wrongful death under 14-295, no such provision was made for loss of consortium. Therefore, loss of consortium is not a legally sufficient claim for relief under 14-295.
Accordingly, the defendant's motion to strike is granted.
John F. Walsh, J. CT Page 7695